IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GEORGE A. ELLIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 01-BU-2146-S |
| ) | |
| UNITED STATES OF AMERICA/ ) | |
| UNITED STATES POSTAL SERVICE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This pro se plaintiff filed this action in the Small Claims Court of Jefferson County, Alabama. He alleges that he purchased a money order from the United States Postal Service for delivery to a creditor, Arch Wireless. When the plaintiff learned that the money order had not been delivered, he paid for a tracer. Apparently the money order was found and returned to the plaintiff, who got it to Arch Wireless.[1] In the meantime, however, the plaintiff was without a beeper. The plaintiff claims damages in the amount of $1400. The defendant removed the action to this court. Before the court now is the defendant's motion to dismiss for lack of jurisdiction, with an accompanying brief. The plaintiff was given until November 6, 2001 to respond. He has not responded.

Although Congress has provided for waiver of sovereign immunity in certain

---

[1] In his complaint, the plaintiff states that the postal service sent him a "replacement check" in the amount of $29.29, which he kept as "a small payback of the embarrassment, time and monies the USPS caused [him]."

cases, it has not done so with respect to the misdelivery or nondelivery of mail.

> [Section] 2680(b) of the FTCA specifically retains sovereign immunity for tort claims against the United States for "loss, miscarriage, or negligent transmission" of the mails or postal matter. [FN2] *Anderson v. United States Postal Service*, 761 F.2d 527, 528 (9th Cir.1985); *Insurance Co. of North America v. United States Postal Service*, 675 F.2d 756, 758 (5th Cir. 1982); see also *Sportique Fashions, Inc.*, 597 F.2d at 665.
>
>> FN2. Section 2680 states in relevant part:
>> The provisions of this chapter and section 1346(b) of this title shall not apply to
>> . . . .
>> (b) Any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter. 28 U.S.C. § 2680(b).

*Allied Coin Investment, Inc. v. U.S. Postal Service*, 673 F.Supp.982, 984 (D. Minn. 1987). This reservation of immunity was not surrendered in the Postal Reorganization Act. *Id.* at 985.

The court concludes that the defendant's motion to dismiss is due to be granted and this action dismissed. An appropriate order will be entered.

DONE this 15th day of November, 2001.

_____
H. Dean Buttram, Jr.
United States District Judge

2